Oscar Murov, J.
The plaintiff owns and operates a teachers’ employment service. The defendant is a teacher who applied to the plaintiff for employment. The plaintiff alleges that the defendant owes a fee to him based on a referral from the plaintiff to a school on Fisher Island, a position he eventually received. The defendant alleges that he received the position through his own efforts.
The court finds, after trial, as a matter of fact and law, the following:
The plaintiff and defendant entered into a contract which provides that no fee is due the plaintiff for any position obtained by the applicant’s sole efforts. However, the applicant must list all schools to which he had already applied. In addition, the defendant agreed to notify the plaintiff, by registered mail, of any positions he applied to or was referred to without the plaintiff’s assistance. The contract provides that if the defendant does not so notify the plaintiff, and he accepts a position in any school to which the plaintiff referred him, he will pay the fee.
Taking the facts exactly as the defendant claims them to be, the defendant, from the plain language used in the contract, was obligated, no matter what the circumstances surrounding his obtaining his present employment, to notify the plaintiff by registered mail of any job he was individually seeking on the same day he had notice of such employment. As to this requirement the contract is clear. It is also clear that the defendant did not notify the plaintiff that he was seeking employment at the Fisher Island School. As a result thereof the plaintiff made efforts to obtain an interview at the Fisher Island School and reserved that prospective employment for the defendant, who asserts that said employment was not available at that time due to the fact that he had already applied for and been accepted for said position. The only question which the defendant raises that need concern us here is the assertion that there was a lack of consideration in the contract since the plaintiff had provided the defendant with information concerning a position which was no longer available.
As to the question of consideration, the rule in this State is that even the slightest consideration is sufficient to support the *964 most onerous obligation. (Mencher v. Weiss, 306 N. Y. 1.) It is for the parties to determine, at the time the contract is entered into, and not for the court when it is sought to be enforced, whether adequate consideration is provided for (Frankel v. Tremont Norman Motors Corp., 21 Misc 2d 20, affd. 10 A D 2d 680, affd. 8 N Y 2d 901).
The consideration provided herein on the part of the plaintiff consisted of the efforts made on his part to obtain information as to available positions for the defendant and the opportunity the plaintiff afforded to the defendant to apply for said position before giving any other applicant the opportunity to so apply. Consideration for the fee claimed herein seems fair and just. The defendant, by not notifying the plaintiff that he was seeking the position at the Fisher Island School, caused the plaintiff to waste his time and effort in setting up an interview for the position, which the defendant claims he had already accepted, and prevented the plaintiff from permitting one of its other applicants to apply for the same position. Certainly no one can dispute that this meets, not only the basic minimunl requirements of consideration, but is considerably above it.
As to the question of attorney’s fees, the contract provides that the defendant shall pay the fees of the agency’s attorney should a default necessitate the obtaining of counsel. The court, since no specific amount is stated, finds that the reasonable fee in this case is $350.
In accordance with the foregoing, judgment is rendered in favor of the plaintiff in the contract amount of $1,205.22, and for $350, said amount representing reasonable attorney’s fees, together with the costs and disbursements of this action.